**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 24-21555-CIV-WILLIAMS/GOODMAN**

SUMFINIDADE UNIPESSOAL LDA,

Plaintiff,

v.

YACHTLIFE TECHNOLOGIES, INC.,

Defendant.

______________________________________/

**DECLARATION OF JOSHUA D. VERA IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT YACHTLIFE TECHNOLOGIES, INC.**

I, Joshua D. Vera, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury, as follows:

1. I am an attorney duly admitted to practice law before this Court and am associated with Sanders Law Group, attorneys for the plaintiff Sumfinidade Unipessoal LDA ("*Plaintiff*") in this action. As such, I have personal knowledge of all facts and circumstances upon which this Declaration is based, except for those facts and circumstances set forth upon information and belief and, as to those facts, I believe them to be true. The basis for my knowledge and belief are conversations with my client, review of my file, and my personal involvement in this case.

2. I would testify as to the facts set forth in this declaration in a Court of law if requested or required to do so.

3. I submit this declaration in support of Plaintiff's motion for entry of default judgment against the defendant Yachtife Technologies, Inc., ("*Defendant*") pursuant to

Fed.R.Civ.P. 55(b).

4. The basis for entry of a default judgment is Defendant's failure to answer, appear or otherwise respond to the Complaint.

5. Plaintiff commenced this action upon the filing of a Complaint with this Court on April 24, 2024. *Dkt. No*. 1, *et seq*.

6. On April 30, 2024, copies of the Summons and Complaint were served on Defendant via service of same on its registered agent, CT Corporation System at 1200 S. Pine Island Road, Plantation, Florida 33324. *Dkt. No.* 7. As such, the deadline for Defendant to have answered or otherwise appeared in this action was May 21, 2024.

7. Defendant failed to timely file an Answer to the Complaint and failed to otherwise appear in this action. The time for Defendant to do so has long since passed and was not otherwise extended by agreement or Order of this Court.

8. Upon Defendant's failure to appear in this action, on June 5, 2024, Your Honor directed the Clerk of Court to enter the default of Defendant. *Text only entry dated June 5, 2024*.

9. The requested entry of default was entered by the Clerk on June 6, 2024. *Dkt. No.* 10.

10. Defendant is not an infant or incompetent. Instead, Defendant is a Delaware corporation, with a principal place of business in Miami in Miami-Dade County, Florida.

11. There is only one defendant in this action and, therefore, entry of a default judgment will fully resolve all claims in this case.

12. For the reasons set forth in the accompanying Memorandum of Law and accompanying Declaration of Nico Trinkhaus, Plaintiff seeks the sum of $24,768.00 in statutory damages under 17 U.S.C. § 504(c) for copyright infringement.

13. In addition to an award of statutory damages, Plaintiff seeks an award of costs and attorneys' fees pursuant 17.U.S.C. § 505 in the amount of $3,800.00.

14. My hourly rate for the prosecution of copyright infringement matters is $250.00 per hour, which is well within the range of hourly billing for similarly experienced attorneys according with the rates set forth in the Laffey Matrix (*see Exhibit 3 hereto*) chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States Attorney's Office to be used in fee-shifting cases. *See also Edmund J. Coppa v. Urban Music News LLC.*, 23-cv-02567-WFJ-CPT (MDFL 6/11/24 – Dkt. No. 25); *Michael Stewart v. dearJulius Inc.*, 23-cv-09915-JPO-SLC (SDNY 3/22/24 – Dkt. No. 21).

15. By way of background, I received my Juris Doctor (J.D.) from the Touro University Jacob D. Fuchsberg Law Center in 2021 and am an associate employed by Sanders Law Group. I was admitted to practice law in New York in 2021 and in Florida in 2023. I am also admitted to the United States District Courts for the Southern District of New York, the Eastern District of New York, the Northern District of Ohio, the Northern District of Florida, the Middle District of Florida, the Southern District of Florida, as well as the District of Columbia. I have maintained a focus on intellectual property matters, specifically copyright, since my admission to practice.

16. Senior partner Craig B. Sanders is the managing member of Sanders Law Group, and his hourly rate for the prosecution of copyright infringement matters is $750.00 per hour, which is well within the range of hourly billing for similarly experienced attorneys according with the Report of the Economic Survey (2021) for the American Intellectual Property Law Association (*see Exhibit 2 hereto*) as well as the rates set forth in the Laffey Matrix chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States Attorney's Office to be used in fee-shifting cases. *See also Edmund J. Coppa v. Urban Music News*

*LLC.*, 23-cv-02567-WFJ-CPT (MDFL 6/11/24 – Dkt. No. 25); *Michael Stewart v. dearJulius Inc.*, 23-cv-09915-JPO-SLC (SDNY 3/22/24 – Dkt. No. 21)

17. Mr. Sanders received his Juris Doctor (J.D.) from the University of Pennsylvania Law School in 1993 and is a founding partner in the law firms of Sanders Law, PLLC and Sanders Law Group. Mr. Sanders was admitted to practice law in Florida in 1993 and New York in 1994. In addition to New York and Florida, Mr. Sanders is currently admitted to practice law in the states of California, Utah, Colorado, Maryland, Washington and New Jersey. Mr. Sanders is also admitted to practice law in the United States District Courts for: California (all four Districts); Colorado; District of Columbia; Florida (all three Districts); Illinois (all three Districts as a lead trial attorney); Indiana (both Districts); Maryland; Michigan (Eastern and Western Districts); Nebraska; New Jersey; New York (all four Districts); Ohio (Northern District); Oklahoma (Western and Northern Districts); Tennessee (Middle and Eastern Districts); Texas (all four Districts); Utah; Wisconsin (both Districts) and New Jersey. Additionally, Mr. Sanders is admitted to the Second, Third, Fifth, Ninth, and Tenth Circuit Courts of Appeals and has argued appeals in each of these Circuits. Finally, Mr. Sanders is also admitted in the United States Supreme Court and has submitted writs and briefs thereto. During the course of his thirty-one (31) year professional career, Mr. Sanders has maintained a focus on Federal Litigation, primarily involving civil litigation matters with a heavy focus on intellectual property matters including copyright and trademark.

18. Jonathan M. Cader is a senior associate with the Firm, and his hourly rate for the prosecution of copyright infringement matters is $550.00 per hour, which is well within the range of hourly billing for similarly experienced attorneys according with the Report of the Economic Survey (2021) for the American Intellectual Property Law Association as well as the rates set forth

in the Laffey Matrix chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States Attorney's Office to be used in fee-shifting cases. *See also Edmund J. Coppa v. Urban Music News LLC.*, 23-cv-02567-WFJ-CPT (MDFL 6/11/24 – Dkt. No. 25); *Michael Stewart v. dearJulius Inc.*, 23-cv-09915-JPO-SLC (SDNY 3/22/24 – Dkt. No. 21).

19. Mr. Cader received his Juris Doctor (JD) from St. John's University School of Law in 2001 and was admitted to practice law in the State of New York in 2007. Mr. Cader was admitted to practice in the United States District Courts for the Eastern and Southern Districts of New York in the same year. Mr. Cader is admitted to practice before the Second Circuit Court of Appeals and has been admitted *pro hac vice* in the United States District Courts for the Central District of California, the Eastern District of Louisiana and the District of New Jersey. For the past ten years, Mr. Cader has maintained a focus on Federal Litigation, primarily involving civil litigation matters with a heavy focus on consumer rights, intellectual property matters including copyright and trademark.

20. Julie Busch is a paralegal employed by the undersigned Firm and has a billing rate of $125.00. Ms. Busch expended 1.8 hours on this matter.

21. Ryan Feldman is a paralegal employed by the undersigned Firm and has a billing rate of $125.00. Mr. Feldman expended 1.4 hours on this matter.

22. Laura Costigan is a paralegal employed by the undersigned Firm and has a billing rate of $125.00. Ms. Costigan has expended 0.2 hours on this matter.

23. The fees sought herein are reasonable because they reflect the market rate for services of similar quality and nature.

24. The party seeking attorneys' fees bears the initial burden of submitting adequate

documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983).

25. In this respect, I hereby certify that a true and accurate statement of the time expended by the individual attorneys and para-professionals of the undersigned Firm is annexed hereto as *Exhibit 1* and defer to the Court's consideration of the time entries to determine that same are just, appropriate and reasonable.

26. As to costs, it is respectfully submitted that the filing fee paid in this case in the amount of $405.00 is recoverable pursuant to 17 U.S.C. § 505. *See Wareka v. Excel Aesthetics LLC*, No. 23-CV-24652, 2024 WL 1532267, at *8 (S.D. Fla. Mar. 28, 2024), *report and recommendation adopted*, No. 23-24652-CV, 2024 WL 1833085 (S.D. Fla. Apr. 26, 2024). Further as to costs, Plaintiff submits the attached invoice from its process server in the amount of $75.00. *See Exhibit 4 hereto.*

**<u>Summary of the Exhibits</u>**

27. Attached hereto as <u>Exhibit 1</u> is a copy of the billing records for the prosecution of this matter.

28. Attached hereto as <u>Exhibit 2</u> is a copy of the Report of the Economic Survey for the American Intellectual Property Law Association.

29. Attached hereto as <u>Exhibit 3</u> is a copy of the Laffey Matrix Chart.

30. Attached hereto as <u>Exhibit 4</u> is a copy of an invoice for service of process with said fee satisfied in full.

**WHEREFORE**, for all the reasons set forth herein, as well as in the accompanying Memorandum of Law, Plaintiff respectfully requests that the Court enter a default judgment in favor of Plaintiff and as against Defendant in the amount of $29,048.00, together with such other

relief the Court deems just, equitable and proper.

Dated: July 9, 2024

**SANDERS LAW GROUP**

By: _/s/ Joshua D. Vera_
Joshua D. Vera, Esq.
Florida Bar No. 1047709
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jvera@sanderslaw.group

*Counsel for Plaintiff Sumfinidade Unipessoal LDA*