**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 24-cv-21555-WILLIAMS/GOODMAN**

SUMFINIDADE UNIPESSOAL LDA,

      Plaintiff,

v.

YACHTLIFE TECHNOLOGIES INC.,

      Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON**
**<u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

In this copyright infringement action, Sumfinidade Unipessoal LDA ("Plaintiff") filed a motion for default judgment against Yachtlife Technologies Inc. ("Defendant") [ECF No. 16].[1] Defendant has not filed a response to Plaintiff's motion (or otherwise participated in this lawsuit), and the response deadline has now expired.

Judge Williams referred this motion to the Undersigned for a report and recommendations pursuant to 28 U.S.C. § 636 and the Local Magistrate Judge Rules. [ECF No. 19]. As explained below, the Undersigned **respectfully recommends** that Judge Williams

---

[1] This is Plaintiff's second attempt to obtain a default judgment. United States District Judge Kathleen M. Williams struck Plaintiff's first motion [ECF No. 15] and supplemental declarations [ECF Nos. 13, 14] as untimely and because Plaintiff did not include a proposed default final judgment order. [ECF No. 15]. Judge Williams warned Plaintiff that the "[f]ailure to comply with [her] order may result in sanctions, including dismissal of this case." *Id.*

**grant in part and deny in part** Plaintiff's Motion [ECF No. 16].

## I.     Background

Plaintiff filed a one-count Complaint for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, stemming from Defendant's alleged unauthorized use of Plaintiff's copyrighted photograph on Defendant's website and social media accounts. [ECF No. 1].

Plaintiff properly served Defendant, via an employee of its registered agent, with the Summons and Complaint. [ECF No. 7]. Thereafter, Judge Williams directed the Clerk of the Court to enter a default against Defendant for failure to appear, answer, or otherwise plead to the Complaint. [ECF No. 9]. The following day, the Clerk entered the default. [ECF No. 10].

Plaintiff filed a motion for default judgment. [ECF No. 12]. Judge Williams struck Plaintiff's initial motion because it was not accompanied by a proposed default final judgment order. [ECF No. 15]. Plaintiff then filed its amended motion [ECF No. 16] (and two supporting declarations [ECF Nos. 17; 18]), which the Undersigned will discuss below.

## II.     Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party

may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D.

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before the close of business on September 30, 1981 would become binding precedent in the Eleventh Circuit.

Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.    Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a.    Subject-Matter Jurisdiction

The Court has subject matter jurisdiction over the instant action because Plaintiff's Complaint seeks "damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101[,] *et seq.*" [ECF No. 1, ¶ 1]. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Moreover, section 1338(a) provides district courts with jurisdiction over civil actions arising under federal statutes relating to copyrights. 28 U.S.C. § 1338(a); *see also Daka Rsch., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-60246, 2023 WL 5310240, at *2 (S.D. Fla. July 14, 2023), *report and recommendation adopted sub nom. Daka Rsch. Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Am. Schedule "A"*, No. 22-60246-CV, 2023 WL 5289258 (S.D. Fla. Aug. 17, 2023) ("[T]he Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (providing for federal question jurisdiction) and 1338 (governing actions involving patents, copyrights, and trademarks, among others).").  Therefore, the Court has subject matter jurisdiction over this action.

**b.      Personal Jurisdiction**

In addition to subject matter jurisdiction, a court must also have personal jurisdiction over each defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)).  For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process

5

is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

### i.   Service of Process

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022); *see also State Farm Mut. Auto. Ins. Co. v. Lampila*, No. 2:23-CV-342-SPC-KCD, 2023 WL 6131053, at *2 (M.D. Fla. Aug. 28, 2023), *report and recommendation adopted*, No. 2:23-CV-342-SPC-KCD, 2023 WL 6123755 (M.D. Fla. Sept. 19, 2023) ("Default judgment is only appropriate against 'a properly served defendant.'" (quoting *Baker v. Advanced Imaging of Port Charlotte, LLC*, No. 2:17-CV-403-FTM38MRM, 2018 WL 11414004, at *1 (M.D. Fla. Aug. 16, 2018)).

Yachtlife Technologies Inc. is a foreign[3] for-profit corporation. [ECF No. 16, ¶ 9]. "[Federal Rule of Civil Procedure] 4(h) governs service of process upon a corporation." *Walters v. Fast AC, LLC*, No. 2:19-CV-70-FTM-38MRM, 2020 WL 10727987, at *2 (M.D. Fla. Mar. 12, 2020).

---

[3]   The Complaint incorrectly asserts that Yachtlife Technologies Inc. is a Florida corporation. [ECF No. 1, ¶ 9]. Plaintiff corrects this mistake in its principal Nico Trinkhaus' declaration. [ECF No. 17, ¶ 10].

Rule 4(h) states, in pertinent part, that:

> [A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> **(A) in the manner prescribed by Rule 4(e)(1) for serving an individual**; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1) (emphasis added).

Rule 4(e)(1) provides, in part, that: "an individual . . . may be served in a judicial district of the United States by . . . **following state law for serving a summons in an action brought in courts of general jurisdiction** in the state where the district court is located or **where service is made**[.]" Fed. R. Civ. P. 4(e)(1) (emphasis added); *see also Stem Holdings, Inc. v. Blake Inv. Grp., Inc.*, No. 9:22-CV-80507, 2022 WL 18465748, at *1 n.1 (S.D. Fla. Dec. 5, 2022) ("Federal Rule of Civil Procedure 4 provides that service can be effectuated upon a corporation by serving a summons in accordance with the state law of the state in which service is made." (citing Fed. R. Civ. P. 4(c)(e)(1), (h)(1)(A)).

"Florida courts . . . require strict compliance with the Florida statutes governing service of process, and absent strict compliance, the court lacks personal jurisdiction over the

defendant." *Foremost Prop. & Cas. Ins. Co. v. Fentress Bus. Ctr., LLC*, No. 6:22-CV-831-CEM-GJK, 2022 WL 19842687, at *2 (M.D. Fla. June 8, 2022) (citing *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005)). "Because of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced." *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001) (*per curiam*).

Section 48.081 governs service of process on a domestic or registered foreign corporation in Florida. *Giles v. Relevant Media Grp., Inc.*, No. 6:23-cv-1192-WWB-EJK, 2024 WL 1333635, at *2 (M.D. Fla. Mar. 1, 2024), *report and recommendation adopted*, No. 6:23-CV-1192-JSS-EJK, 2024 WL 1756931 (M.D. Fla. Apr. 24, 2024); *see also McGlynn v. El Sol Media Network Inc.*, No. 6:23-CV-531-PGB-LHP, 2023 WL 8079694, at *1 (M.D. Fla. Nov. 21, 2023) ("The [c]ourt will apply the versions of the Florida Statutes governing service that were in effect at the time that [the] [p]laintiff's copyright cause of action accrued.").

Florida law provides that "[a] domestic corporation or registered foreign corporation may be served . . . [through] its registered agent[.]" Fla. Stat. § 48.081(2). Moreover, section 48.091(4) provides that service of process on a registered agent that is not a natural person can be made "on any employee of the registered agent." Fla. Stat. § 48.091(4); *see also Angarita v. Hypertoyz, Inc.*, No. 23-cv-20695-SCOLA/GOODMAN, 2023 WL 8593312, at *8 (S.D. Fla. Dec. 6, 2023), *report and recommendation adopted*, No. 23-20695-CIV, 2024 WL 380878 (S.D. Fla. Jan. 31, 2024).

Plaintiff's Affidavit of Service states that the process server served Timothy Goode, an **employee of CT Corporation System (Yachtlife Technologies Inc.'s registered agent)**, on April 30, 2024 at 2:15 PM. [ECF No. 7]. The affidavit of service lists the documents served as the "Summons in a Civil Action" and "Complaint with Exhibits." *Id.* (some capitalizations omitted).

In Florida, "[i]t has well been established that a process server's return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Telf Corp. v. Gomez*, 671 So. 2d 818, 818 (Fla. 3d DCA 1996) (*per curiam*). Thus, the Undersigned concludes that Plaintiff has met its burden of showing Defendant has been properly served under Florida law.

### ii.        Amenability to Jurisdiction

The Complaint alleges that "Yachtlife Technologies Inc. . . . is a corporation with a . . . principal place of business address at 1080 Brickell Ave, Miami in Miami-Dade County, Florida[.]" [ECF No. 1, ¶ 9 ]. Yachtlife Technologies Inc. is amenable to this Court's jurisdiction because its principal place of business is in Florida. *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011) (noting that a corporation's principal place of business is a paradigm for exercising personal jurisdiction).

In sum, this Court has personal jurisdiction over Defendant because it was properly served and is amenable to jurisdiction in Florida.

####### c.      Liability

As noted above, the Complaint alleges one count of copyright infringement under the Copyright Act. "To establish a prima facie case of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

"[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d at 1339. Here, the Complaint alleges that:

> 13.      Plaintiff is a professional photography company who owns the exclusive rights to certain photographs which Plaintiff commercially licenses.
>
> ***
>
> 17.      On January 20, 2017, Nico Trinkhaus ("*Trinkhaus*") first published a photograph of the coastline of Kotor, Montenegro (the "*Photograph*"). . . .
>
> 18.      In creating the Photograph, Trinkhause personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.
>
> 19.      On March 20, 2018, the Photograph was registered by the [United States Copyright Office] under Registration No. VA 2-104-443.
>
> ***
>
> 22.      Defendant is the registered owner of [www.yachtlife.com (the "Website")] and is responsible for its content.
>
> ***

10

24.     Defendant is the registered owner of [social media accounts on Facebook, Instagram, and formerly-Twitter (collectively, the "Accounts")] and is responsible for their content.

\*\*\*

29.     The Website as well as the Accounts are monetized in that they promote the business and, upon information and belief, Defendant profits from these activities.

30.     In 2020, Defendant copied and displayed the Photograph on the Website as part of an on-line gallery at URL: https://www.yachtlife.com/charter/yachts/montenegro ("*Infringement 1*"). A copy of a screengrab of the Website including the Photograph is attached [to the Complaint as composite Exhibit 2].

\*\*\*

32.     Further, on or around April 15, 2020, Defendant copied and displayed the Photograph on the Accounts as part of the social media posts at URLS: https://www.facebook.com/photo/?fbid=2863740387008122&set=a.8585472008 60794("*Infringement 3*"); https://www.instagram.com/p/B_Ad4ezg31e/; and https://twitter.com/YachtLifeApp/status/1250452769015762946 ("*Infringement 4*").

\*\*\*

34.     Plaintiff first observed and actually discovered the Infringements on November 8, 2023.

\*\*\*

57.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

\*\*\*

11

60.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website as well as the Accounts.

[ECF No. 1, ¶¶ 13; 17–19; 22; 24; 29–30; 32; 34; 57; 60].

Here, Plaintiff has met both elements for federal copyright infringement. First, Plaintiff has valid ownership because it registered the Photograph with the United States Copyright Office. Second, Defendant's website and social media posts display exact copies of Plaintiff's original photograph. *See Markos v. Yacht Charters of Miami.com, LLC*, No. 19-22284-CV, 2019 WL 8989936, at *2 (S.D. Fla. Oct. 2, 2019), *report and recommendation adopted*, No. 19-22284-CIV, 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019) (finding that "[the] [p]laintiff successfully pled [a claim of copyright infringement], alleging that he registered the photograph at issue with the Register of Copyrights on November 3, 2016, and that [the] [d]efendant subsequently used this photograph on [its] website without license or permission to do so").

### d.     Damages

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs. Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even

12

in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2688 at 58–59 (3d ed. 1998)).

Here, Plaintiff seeks $24,768.00 in statutory damages, $3,800.00 in attorney's fees, $480.00 in costs, and injunctive relief. [ECF No. 16, pp. 5–6]. As discussed below, Plaintiff is entitled to some (but not all) of the relief requested.

### i.     Injunctive Relief

Plaintiff seeks the issuance of a permanent injunction. [ECF No. 16, p. 15]. Injunctive relief is an available remedy in copyright actions. *See Betty's Best, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule 'A'*, No. 1:23-CV-22322-KMW, 2023 WL 6171566, at *3 (S.D. Fla. Sept. 21, 2023) (noting that "both the Copyright Act and the Patent Act permit the entry of an injunction to restrain violations of those acts" (citing 17 U.S.C. § 502, 35 U.S.C. § 283)).[4] Moreover, injunctive relief is available even in the default judgment setting[ ]

---

[4]      Report and recommendations adopted. *See* [ECF No. 87 in Case No. 23-cv-22322].

because [the] [d]efendants' failure to respond or otherwise appear makes it difficult for a plaintiff to prevent further infringement absent an injunction." *Animacord Ltd. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-20744, 2022 WL 1109849, at *4 (S.D. Fla. Mar. 24, 2022), *report and recommendation adopted sub nom. Animaccord Ltd. v. Individuals, P'ships, or Unincorporated Ass'ns Identified on Schedule A*, No. 21-20744-CIV, 2022 WL 1102865 (S.D. Fla. Apr. 13, 2022) (internal citation omitted).

To obtain a permanent injunction, Plaintiff must show: (1) irreparable injury; (2) an inadequate remedy at law; (3) that the balance of hardships weigh in favor of issuing an injunction; and (4) that the issuance of an injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

All four factors are met here. Plaintiff has shown that Defendant is displaying the copyrighted Photograph on its website and in social media posts without Plaintiff's authorization. The Complaint alleges that on December 26, 2023, Plaintiff's counsel sent a letter "concerning Defendant's infringement of Plaintiff's rights-protected work" and that "[d]espite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity." [ECF No. 1, ¶¶ 50–51].

Additionally, Defendant has not participated in this lawsuit even though it was duly served with a copy of the Summons and Complaint. Thus, there is every reason to believe

that Defendant will continue to engage in its infringing activity unless it is permanently enjoined by this Court. At bottom, without a permanent injunction, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

The balance of harms favors the issuance of a permanent injunction because Plaintiff's injury without an injunction outweighs the impact an injunction would have on Defendant, who has no legal right to use Plaintiff's photograph. *See XYZ Corp. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, 668 F. Supp. 3d 1268, 1276 (S.D. Fla. 2023) ("[T]he balance of hardships weighs in favor of granting permanent injunctive relief. [The] [p]laintiff faces hardship from loss of sales and his inability to control his reputation in the marketplace. By contrast, [the] [d]efendants face no hardship if they are prohibited from the infringement of [the] [p]laintiff's copyrights and patents which are illegal acts.").

Lastly, the public interest will not be disserved if the Court were to permanently enjoin Defendant. *See Garden World Images Ltd. v. WilsonBrosGardens.com LLC*, No. 1:19-CV-01035-AT, 2019 WL 8017802, at *7 (N.D. Ga. Oct. 31, 2019) ("[A]n injunction would serve the public interest because 'the public has an interest in enforcing copyright protections.'" (quoting *Arista Recs., Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003)).

In sum, Plaintiff has shown entitlement to permanent injunctive relief. Therefore, the Undersigned **respectfully recommends** that the Court enter a permanent injunction consistent with the terms listed in Plaintiff's proposed default judgment. [ECF No. 16-2, ¶ 3].

ii.        **Statutory Damages**

Under the Copyright Act:

a successful copyright litigant is entitled to any damage suffered and the infringers' profits or, at the election of the copyright owner, statutory damages. Statutory damages are awarded per copyrighted work infringed between Seven Hundred and Fifty Dollars ($750.00) and Thirty Thousand Dollars ($30,000.00), at the discretion of the Court. 17 U.S.C. § 504(c)(1). Further, if the Court finds that the infringement was willful, it is within the Court's discretion to raise the statutory award to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringed work.

*Sanrio Co. v. Sommer's Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *4 (S.D. Fla. Mar. 21, 2019). (citing 17 U.S.C. § 504(c)(2)) (Williams, J.).

As noted above, Plaintiff seeks $24,768.00 in statutory damages. It argues that "Sumfinidade's general rates for licensing arrangements for its photographs," provided via URL, support the value of its work. [ECF No. 17, ¶ 20]. Plaintiff calculated its statutory damages by multiplying its license fee ($6,192.00) with each unauthorized use of the photograph. *Id.* at ¶¶ 21–25.

"The Court has wide discretion to set an amount of statutory damages." *Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306182, at *6 (M.D. Fla. Feb. 23, 2022), *report and recommendation adopted sub nom. Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306516 (M.D. Fla. Mar. 14, 2022) (citing *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). It may award statutory damages even in instances where a

16

plaintiff cannot prove actual damages caused by a defendant's infringement. *See*, *e.g.*, *ABS-CBN Corp. v. abscbn-teleserye.com*, No. 17-61051-CIV, 2017 WL 6947726, at *8 (S.D. Fla. Dec. 27, 2017) (noting that "[a]n award of statutory damages is appropriate, because statutory damages may be elected whether or not there is adequate evidence of the actual damages suffered by [the] plaintiff or of the profits reaped by the [d]efendant").

The amount of statutory damages awarded should be sufficient to compensate the copyright holder while also deterring Defendant and others from infringing on that copyright. *See Sadowski v. Orion Healthcare Servs., Inc.*, No. 21-CV-24475, 2022 WL 3155037, at *4 (S.D. Fla. July 21, 2022), *report and recommendation adopted*, No. 21-24475-CV, 2023 WL 2581349 (S.D. Fla. Mar. 21, 2023) ("The goal of statutory damages is not to merely compel restitution of profit and reparation for injury, but to also deter future violations of copyright infringement.").

Here, Yachtlife Technologies Inc.'s infringement was willful:

> A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" of a plaintiff's intellectual property rights. *Arista Records*, 298 F. Supp. 2d at 1312 (S.D. Fla. 2003). Willful infringement may be inferred where, as here, a defendant is willing to accept a default judgment. *See Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *7 (S.D. Fla., Oct. 18, 2007).

*Sanrio Co.*, 2019 WL 2010249, at *5; *see also Arista Recs., Inc.*, 298 F. Supp. 2d at 1312 (finding willful infringement due to the defendant's default and the allegations of willfulness set forth in the plaintiff's complaint). Additionally, before filing this lawsuit, Plaintiff's counsel

contacted Defendant regarding its infringing activities and Defendant did not respond. [ECF No. 1, ¶¶ 50–51].

Moreover, this requested statutory award is within the statutory range for a willful violation, is sufficient to compensate Plaintiff, punish Yachtlife Technologies Inc., and deter it and others from continuing to infringe Plaintiff's copyright. *See Aug. Image, LLC v. Auge Internacional Media, LLC*, No. 22-22718-CIV, 2022 WL 20834406, at *5 (S.D. Fla. Nov. 16, 2022) (entering default judgment award of $37,800.00 in statutory damages, noting this amount "[was] appropriate to compensate [the] [p]laintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hopes of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law"). Accordingly, the Undersigned **respectfully recommends** that the District Court award Plaintiff the requested **$24,768.00** in statutory damages.

### iii. Attorney's Fees

"Section 505 of the 1976 Copyright Act, 17 U.S.C. § 505, permits the trial court in its discretion to award a reasonable attorneys' fee to the prevailing party in a copyright infringement action." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982).

The Eleventh Circuit has stated that:

The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure "that the boundaries of copyright law [are] demarcated as clearly as possible" in order to maximize the public exposure to valuable works.

*MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842–43 (11th Cir. 1999) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526–27, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

Here, Defendant acted willfully in its infringement of Plaintiff's copyrighted photograph. It failed to respond to Plaintiff's pre-suit letter, file an answer to the Complaint, or otherwise participate in this action. "Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Copyright Act." *Sharp Shirter Inc. v. Individuals, P'ships, & Unincorporated Assocs. Identified on Schedule "A"*, No. 1:22-CV-23468-KMW, 2023 WL 6064810, at *5 (S.D. Fla. Aug. 30, 2023), *report and recommendation adopted sub nom. Sharp Shirter Inc. v. Individuals, P'ships, & Unincorporated Assocs. Identified on Schedule A*, No. 22-23468-CV, 2023 WL 6064519 (S.D. Fla. Sept. 18, 2023).

Plaintiff seeks $3,800.00 in attorney's fees. [ECF No. 16, pp. 14–15]. This amount consists of 12.50 hours of attorney and paralegal time. [ECF No. 18-1, p. 3 (chart)].

Plaintiff filed a declaration from one of its attorney's, Joshua D. Vera, in support of its fee request. [ECF No. 18]. Mr. Vera has three years of intellectual property litigation experience and bills at $250.00 per hour. *Id.* at ¶¶ 14–15. He seeks to recover 5.9 hours ($1,475.00)[5] of work reviewing and drafting documents in this case. [ECF No. 18-1, p. 3].

Attorney Craig B. Sanders has thirty-one years of intellectual property litigation experience and bills at $750.00 per hour. [ECF No. 18, ¶¶ 16–17]. He seeks to recover 0.70 hours ($525.00) of work reviewing a new copyright referral and approving the Complaint to be sent to the client. [ECF No. 18-1, p. 3].

Attorney Jonathan M. Cader has approximately seventeen years of civil litigation experience and bills at $550.00 per hour. [ECF No. 18, ¶¶ 18–19]. He seeks to recover 2.5 hours ($1,375.00) of work reviewing and revising documents drafted by Mr. Vera. [ECF No. 18-1, p. 3].

Lastly, Plaintiff seeks to recover a total of 3.40 hours of paralegal time at a rate of $125.00 for work which included coordinating service of process and filing documents like pleadings or motions; and other documents with the Court. *Id.*

Although Yachtlife Technologies Inc. failed to respond to Plaintiff's motion (or otherwise participate in this case), the Court must still ensure that the fees it awards are

---

[5]     There is a mathematical error in Plaintiff's fees chart. [ECF No. 18-1, p. 3]. It lists the amount charged for Mr. Vera's work as $1,225.00. But 5.9 hours times $250.00 per hour is $1,475.00 (not $1,225.00). In any event, the *total* amount of fees sought $3,800.00 includes the $1,475.00 billed for Mr. Vera's work. *Id.*

reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute.").

The Undersigned has reviewed Plaintiff's submissions and finds that some reductions are warranted to arrive at a reasonable fee award.

### 1.     Hourly Rate

The Undersigned recommends reducing Mr. Sanders' hourly rate from $750.00 to $700.00. Although Mr. Sanders has extensive intellectual property litigation experience, there is no indication that this case (which will be resolved by default) is anything other than a run-of-the mill, garden-variety copyright infringement action. Moreover, other Judges in this District have recently awarded Mr. Sanders a $700.00 hourly rate in the default judgment context. *See, e.g., Viral DRM, LLC v. EVTV Miami, Inc.*, No. 23-CV-22903, 2024 WL 728095, at *4 (S.D. Fla. Feb. 22, 2024) (approving hourly rate of $700.00 for attorney Craig Sanders); *Brandon Wade Photography, LLC v. Faces by Francesca, LLC*, No. 23-CV-22914-RAR, 2024 WL 3745119, at *2 (S.D. Fla. Jan. 18, 2024) (same).

Additionally, Mr. Cader's hourly rate ($550.00) should be reduced to $450.00. Again, this case was not novel or difficult and Courts in this District have approved similar hourly rates for attorneys with comparable experience in the copyright default judgment context.

*See, e.g.*, *Viral DRM, LLC*, No. 23-CV-22903, 2024 WL 728095, at *4 (approving $450.00 hourly rate for associate attorney in copyright default judgment scenario); *Wareka v. Faces by Francesca, LLC*, No. 20-CV-62466, 2021 WL 6101375, at *4 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted*, No. 20-62466-CIV, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021) (in copyright infringement case, approving $350.00 hourly rate for attorney with 16 years of experience).

The remaining hourly rates are reasonable and should be awarded. Mr. Vera's hourly rate ($250.00) is reasonable because this Court has approved similar hourly rates. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1303–04 (S.D. Fla. 2015) (approving attorney hourly rates of $200.00–$400.00 in copyright infringement case). Additionally, the requested paralegal hourly rate of $125.00 is reasonable because courts in this District have approved comparable rates. *See, e.g.*, *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-CV-81445, 2020 WL 6323863, at *1 (S.D. Fla. Aug. 7, 2020) (reducing paralegal and legal assistant rate to $135.00 per hour).[6]

## 2.   Hours Expended

Plaintiff's timekeepers expended 12.5 hours on this case. [ECF No. 18-1, p. 3]. The Undersigned has reviewed the hours submitted and finds that some reductions are warranted to account for blockbilling and clerical work.

---

[6]   Report and recommendations adopted by paperless order. *See* [ECF No. 15 in Case No. 9:19-CV-81445].

"Block billing" occurs when an attorney lists all of the day's tasks on a case in a single entry and does not separate the tasks and the time spent working on those individual tasks as separate entries on billing records." *Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221, 2013 WL 3816660, at *4 (M.D. Ga. July 22, 2013). The practice of block billing is disfavored because it prevents the Court from accurately ascertaining the amount of time spent on each discrete task. *See Lil' Joe Wein Music, Inc.*, 2008 WL 2688117, at *11 (noting that block billing "makes it difficult to establish whether the amount of time spent on any one task was reasonable").

Examples of blocked billed time entries include the following:

| | | | | | |
|---|---|---|---|---|---|
| 6/6/2024 | Joshua Vera | Review of Order setting deadline for DJ motion; review of Clerk's entry of default; review of infringements and Defendant's website to identify alternative contact info; prepared letter notifying Defendant of default; email to Ryan F. re: same; prepared and filed notice of appearance. | 1.2 | $250.00 | $300.00 |
| 7/5/2024 | Joshua Vera | Research into DJ motions for FLSD; review of FLSD local rules and Court's individual preferences re: same; preparation of DJ motion and incorporated memorandum of law, supporting declarations and exhibits; email to JC/CBS for further review. | 3.5 | $250.00 | $875.00 |
| 7/8/2024 | Jonathan Cader | Reviewed email from JV forwarding draft of motion for default judgment. Reviewed file. Reviewed and revised motion, declarations, etc. | 2.5 | $550.00 | $1,375.00 |

[ECF No. 18-1, p. 2]. These (and other) time entries are problematic because I cannot determine how much time was spent on each task and, therefore, cannot determine the reasonableness of the time billed.

Additionally, many of these time entries (especially the paralegal time entries) include *clerical* work. Paralegal time is compensable "only to the extent that the paralegal performs

work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). "Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and **filing or e-filing documents**, should not be billed at a paralegal rate regardless of who performs them." *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) (emphasis added).[7] Here, the descriptions provided for the work performed by the paralegals (and some of the attorney time entries) include clerical work. *See, e.g.* [ECF No. 18-1, p. 1 (billing for "[a]dd[ing] judicial assignments and docket number to system; [d]ownload[ing] summons; [and] prepar[ing] packet for process server")].

---

[7]      *See also Wendel v. Int'l Real Est. News, LLC.*, No. 19-21658-CIV, 2019 WL 12278752, at *3 (S.D. Fla. Dec. 16, 2019), *report and recommendation adopted sub nom. Wendel v. Int'l Real Est. News, LLC*, No. 19-21658-CIV, 2020 WL 9552161 (S.D. Fla. Jan. 2, 2020) ("Examples of this non-legal work for an attorney or paralegal include: input [j]udge assignment into ECF, **email to process server with [c]omplaint and [s]ummons**, receive email with [a]ffidavit of [s]ervice, and standard docket review."); *Maranon v. Scottsdale Ins. Co.*, No. 1:21-CV-21785-KMM, 2022 WL 18401954, at *4 (S.D. Fla. Dec. 1, 2022), *report and recommendation adopted*, No. 1:21-CV-21785-KMM, 2023 WL 359003 (S.D. Fla. Jan. 23, 2023) ("[T]he Court has deducted **time spent on administrative and clerical tasks, such as communicating with the process server** and reviewing a scheduling order for deadlines . . . , as such fees are not recoverable or are not necessary." (emphasis added)).

Thus, the Court should **reduce** the amount of time requested by Plaintiff by thirty (30) percent to account for block billing and clerical work, as follows:

| Timekeeper | Approved Rate | Hours | Total |
|---|---|---|---|
| Craig B. Sanders | $700.00 | 0.70 | $490.00 |
| Jonathan M. Cader | $450.00 | 2.50 | $1,125.00 |
| Joshua D. Vera | $250.00 | 5.90 | $1,475.00 |
| Paralegal Time | $125.00 | 3.40 | $425.00 |
| | | 30% Reduction | ($1,054.50) |
| | | Total | **$2,460.50** |

In sum, the Undersigned **respectfully recommends** that Judge Williams award Plaintiff **$2,460.50** in reasonable attorney's fees ($1,339.50 less than the $3,800 requested).

> **iv.     Costs**

Plaintiff seeks to recover $480.00 in costs, consisting of the $405.00 filing fee and $75.00 for service of process. [ECF No. 16, p. 15].

The docket reflects that Plaintiff paid the filing fee. *See* Docket Text for [ECF No. 1 ("Filing fees $ 405.00 receipt number AFLSDC-17474837")]. Therefore, Plaintiff should recover this amount. *See RMK Merrill Stevens LLC v. Monaco*, No. 22-CV-23210, 2024 WL 384655, at *5 (S.D. Fla. Jan. 8, 2024), *report and recommendation adopted*, No. 22-23210-CV, 2024 WL 379948 (S.D. Fla. Feb. 1, 2024) ("Plaintiff is entitled to the [ ] filing fee under § 1920 as

taxable cost."); *Leading Edge Mktg., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-CV-21333, 2023 WL 5206034, at *7 (S.D. Fla. Aug. 14, 2023) (awarding [filing fee] as part of court costs in a default judgment willful infringement case).

Plaintiff also seeks to recover $75.00 for service of process. Plaintiff submitted an invoice in support of its process server fee. [ECF No. 18-4]. In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla. 2012) (citing *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). The United States Marshals Service charges "**$65 per hour (or portion thereof**) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3) (emphasis added). Because Plaintiff's invoice [ECF No. 18-4] does not provide any reason for why service of process should exceed the Marshals' hourly rate, the Undersigned recommends that Plaintiff recover $65.00 for service of process on Defendant. *See Ciapara v. Newline W P Servs., Inc.*, No. 6:22-CV-929-RBD-LHP, 2023 WL 5985783, at *10 (M.D. Fla. Aug. 15, 2023), *report and recommendation adopted*, No. 6:22-CV-929-RBD-LHP, 2023 WL 5983804 (M.D. Fla. Sept. 14, 2023) (limiting recovery of service of process cost to $65.00 per defendant where movant provided no explanation or evidence supporting a higher amount).

In sum, the Undersigned **respectfully recommends** that the Court award Plaintiff **$470.00** ($405.00 for the filing fee plus $65.00 for service of process).

26

## IV.     Conclusion

For the reasons stated above, the Court should **grant in part and deny in part** Plaintiff's motion and award Plaintiff **$24,768.00** in statutory damages, **$2,460.50** in attorney's fees, **$470.00** in costs, and injunctive relief.

Plaintiff will mail a copy of this Report and Recommendations to Defendant's principal business address, 1080 Brickell Ave, Ste 305, Miami, Florida 33131, and to Defendant's registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Plaintiff will file a notice of compliance on CM/ECF by no later than **Monday, September 30, 2024**.

## V.     Objections

The parties will have seven (7) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Kathleen M. Williams. Each party may file a response to the other party's objection within seven (7) days of the objection.[8] Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

---

[8]     The Undersigned is shortening the time for Objections and Responses because Defendant has defaulted and not participated in the case, and it therefore appears unlikely that it will pursue any Objections at this point.

27

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on September 24, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Kathleen M. Williams
All Counsel of Record